Western District.
*October*, 1830.

M'LAUGHLIN
, *vs.*
RICHARDSON
& AL.

*M'LAUGHLIN vs. RICHARDSON & AL.*

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT THE JUDGE OF THE FIFTH PRESIDING.

Questions of fraud partake of both law and fact—of acts done, and their want of conformity to morality and established law, prescribing the rules by which property is held.

A sale which is merely fictitious, the fraud and nullity may be only relative—and such sale might be good as a donation, or only void as to previous creditors.

But when a sale is made with the avowed *intention* to *defraud*, the act is so contaminating and immoral, that it entirely vitiates the contract and renders it *null* and *void* to all intents and purposes.

The plaintiff and George Hamilton, one of the defendants intermarried the 4th of June 1814. On the day of marriage, previous to its celebration, articles of marriage contract were entered into between the parties, in which the wife is made to bring into the marriage 17 negroes, specified by name, estimated at $5,000—subject to an incumbrance of $2,500, which she owed on them : and also 500 dollars in other property. Hamilton stipulated to bring in a plantation of 1000 arpens of land, estimated at $3,000—stock and farming utersils worth $1500 and notes and credits to the amount of $3,000.

The day before the celebration of the marriage and of making the marriage contract, Hamilton sells to his intended wife these very 17 negroes, which *she* the next day brings into marriage, for the alledged consideration of $5,500. Three thousand dollars acknowledged to be paid, and her two notes taken for $1,250 each, for the remainder.

On the 18th of December 1816. Hamilton and wife executed an act of sale to R. D. Richardson & S. W. Downs, by which they sold and conveyed the plantation, stock farming utensils and 34 negroes (being the 17 sold by the husband to the wife before marriage and their increase)—the whole for $16,000.

In May 1829, the wife commenced the present suit against

Western District.
October, 1830.

M·LAUGHLIN
vs.
RICHARDSON
& AL.

her husband for a separation of property, and against Richardson for the negroes, alledging her right of mortgage on them.

In the course of the trial the defendant Richardson made an affidavit that one Pierre Soubercase, since removed to the Kindom of France was a material witness, to prove that the sale of the 17 negroes from Hamilton to his wife the day before marriage," was made in fraud, without consideration, and with *the avowed intention to defraud.".*

It was admitted on the record that "*the facts set forth in this affidavit are true.*" This admission appeared by plaintiff's counsel and was not denied by her.

The parties went to trial, and the Judge charged the jury "·that they should take this admission of fraud entire. That it was general i. e. the contract was made in fraud. If fraudulent because the price was not paid, then it might be good as a donation between the parties. The want of consideration would render the sale *fraudulent and void*, against creditors and others having a right *at that time*, but not against others requiring rights &c."

There was a verdict and judgment for the plaintiff—the defendant Richardson appealed.

*Winn; Flint and Thomas* for the plaintiff.

Contended 1st.—that the appeal bond was insufficient because it was made payable to M. A. L. Hamilton, instead of "*M. A. L. McLaughlin*" the maiden name of the plaintiff and the one in which suit is brought.

2. That the property brought by the wife into marriage was *dotal ;* and that no particular form of expression is necessary to constitute a *dot*—and being such, could not be alienated by the wife, only in particular cases, this not being one of them. Civil Code 326. Art. 16 and 34—4 Martin Rep. 181.

*Bullard, Downs and Scott,* for defendants.

1. The sale of the 17 slaves from Hamilton to his in-

Western District. tended wife, the day before marriage was *fraudulent* and
October, 1830. simulated.

M'LAUGHLIN
*vs*,
RICHARDSON
& AL.

2. The marriage contract does not designate in what character or quality, the property is brought into marriage. It must expressly state that it is brought to support the marriage, to constitute it a dowry. Civil Code 324 Art. 12. 4 Partida. Tit. 11. Laws 2 10 11 12 13 15 and 17.

*Mathews J.* delivered the opinion of the Court.

This suit is brought for the purpose of obtaining by the plaintiff, a separation of property from her husband, Hamilton, and to recover from the defendant Richardson, certain slaves described in the petition, which she claims as dower, and which she alledges were illegally sold and transferred by her husband to said defendant.

The cause was submitted to a jury in the Court below who found a verdict for the plaintiff, and from a judgment thereon rendered, Richardson appealed.

The material facts of the case are established by written documents. 1. A sale from Hamilton to the plaintiff of the slaves now claimed by her, dated on the 3d of June 1814. 2. A marriage contract entered into between her and Hamilton, in which it is stated that she brought to the community of the marriage the identical slaves acquired from her intended husband, by the sale executed on the day preceding that of this contract which was made on the 4th of June 1814. 3. A sale executed before a notary by Hamilton and his wife to the defendant Richardson & S. W. Downs, in which the slaves now in question purport to have been sold and made, which the appellant claims title to them.

On these facts the principal allegations opposed to the plaintiff's right to recover are—1. the nullity of the sale from Hamilton to her on account of simulation and fraud. 2. That the marriage contract by its term created no constitution of dowry, but only amounts to an acknowledgment or recognition of the property which each of the contract-

ing parties brought into community at the time of the marriage.

From this defence, our first inquiry relates to the act of sale, by which the wife acquired the slaves said to have been constituted as a dowry in the marriage contract. And according to our conclusion on this subject will depend the necessity of examining a second question relative to the character of this property whether dotal or paraphernal?

Questions of fraud necessarily partake both of law and fact; of acts done and their conformity with morality and established laws by which property is held. In the present case the jury found their verdict under a charge from the Judge, on an admission by the plaintiff, that the sale by which she pretends title to the property claimed as dower, was feigned and fraudulent ; and was *made with the avowed intention to defraud.* Notwithstanding this general admission he seems to have instructed the jury that they might consider fraud as relative ; and that it could only be alledged by creditors of the vendor previous to the act of sale—and that although void as a sale, it is valid as a donation. In this respect we differ in opinion with the Judge *a quo* as to the legal effect of this instrument. Had it been merely fictitious his conclusion would perhaps be correct. But surely no system of jurisprudence founded on equality and justice, can tolerate and give validity to acts avowedly made with the intention to defraud. The admission is so contaminating, so explicitly immoral, that it must entirely vitiate the contract and render it *null* and *void* to all intents and purposes.

Considering the question of fraud in this case as one entirely of law, arising from the admission of facts by the plaintiff, we deem it useless to send the cause back to be tried by another Jury.

Under this fraudulent sale the appellee acquired no title in the slaves which it purports to transfer to her. They still remained the property of Hamilton—were his at the time of

L

M'LAUGHLIN
vs.
RICHARDSON
& AL.

Questions of fraud partake of both law and fact—of acts done and their want of conformity to morality and established law prescribing the rules by which property is held.

A sale which is merely fictitious, the fraud and nullity may be only relative—and such sale might be good as a donation, or only void as to previous creditors.

But when a sale is made with the avowed *intention* to *defraud*, the act is so contaminating and immoral, that it entirely vitiates the contract and renders it *null* and *void* to all intents and purposes.

Western District.
October, 1830.

M'LAUGHLIN
*vs.*
RICHARDSON
& AL.

the sale made by him and his wife to the appellant and others who have thereby acquired title, &c. As to that part of the judgment which decrees to the wife five hundred dollars, as regards the husband, it is clearly correct, whether the property on which it is based be considered either as dotal or paraphernal. But we are of opinion that the question of privilege or mortgage on property sold and transferred by her husband should be left open.

This view of the case renders useless any inquiry into the character of the property alledged to have been settled as dower.

In relation to the objections made to the appeal bond on account of a misnomer of the obligee, we are of opinion that they cannot avail the appellee. The person to whom it is made payable is sufficiently designated. In the course of the proceedings, the plaintiff assumes the names alternately of M. A. L. McLaughlin, wife of Geo. Hamilton, or M. A. L. Hamilton, taking the sirname of her husband as is customary amongst the population of the English origin. The principal use of names is to identify persons, and the identity required in the present instance is to ascertain that the plaintiff M. A. L. is wife of Geo. Hamilton.

It is therefore ordered adjudged and decreed that the judgment of the District Court be avoided, annulled, and reversed ; and it is further ordered &c, that Judgment be entered for the defendant and appellant R. D. Richardson with costs in both Courts ; and that the plaintiff do recover from her husband Hamilton, five hundred dollars, &c.